# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| JANIE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:11-cv-00014 |
| v. ) | Judge Nixon / Knowles |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff was not disabled and denying Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under the Social Security Act ("the Act"), as amended. The case is currently pending on Plaintiff's Motion for Judgment on the Administrative Record. Docket No. 13. Defendant has filed a Response, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket No. 15.

For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

## I.  INTRODUCTION

Plaintiff filed her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on February 28, 2007, alleging that she had been disabled since May 31, 2001,[1] due to "shortness of breath, sleep apnea, right leg and foot goes numb, also both hands, left shoulder and arm pain to lift left arm, carpal tunnel syndrome, lower back pain, can't sit or stand for long period, [h]igh blood pressure, cardia [*sic*] arrthemia [*sic*], [and] thyroid." *See, e.g.,* Docket No. 11, Attachment ("TR"), pp. 95-99, 100-02, 103-16.  Plaintiff's applications were denied both initially (TR 46, 48-51) and upon reconsideration (TR 47, 55). Plaintiff subsequently requested (TR 60-61) and received (TR 21-45) a hearing.  Plaintiff's hearing was conducted on June 2, 2009, by Administrative Law Judge ("ALJ") Denise Pasvantis. *Id.*  Plaintiff and vocational expert ("VE"), Ernest W. Brewer, appeared and testified.  *Id.*

On September 24, 2009, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations.  TR 10-20.  Specifically, the ALJ made the following findings of fact:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2003.
>
> 2. The claimant did not engage in substantial gainful activity on December 31, 2003, which is both the amended alleged onset date and the date last insured (20 CFR 404.1571, *et seq.*).
>
> 3. Through the date last insured, the claimant had the following combination of severe impairments: obstructive sleep apnea, hypothyroidism and mild arthritis of the thoracic spine (20 CFR 404.1520(c)).

---

[1] In a letter written prior to the hearing date, Plaintiff's attorney amended the alleged onset date to December 31, 2003.  *See* TR 23-24.

| | | |
|---|---|---|
| | 4. | Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). |
| | 5. | After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to lift and/or carry up to 10 pounds on a frequent basis and up to 20 pounds on an occasional basis; to stand and/or walk for a total of up to 6 hours in an 8-hour workday; and to sit (with normal breaks) for a total of up to 6 hours in an 8-hour workday. |
| | 6. | Through the date last insured, the claimant was capable of performing past relevant work as a sewing machine operator or assembler. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565). |
| | 7. | The claimant was not under disability, as defined in the Social Security Act, at any time from December 31, 2003, the alleged onset date, through December 31, 2003, the date last insured (20 CFR 404.1520(f)). |

TR 15-19.

Plaintiff timely filed a request for review of the hearing decision. TR 7-9. On November 17, 2010, the Appeals Council issued a letter declining to review the case (TR 1-5), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

## II. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and

3

testimonial evidence of Record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

### III. CONCLUSIONS OF LAW

#### A. Standard of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Commissioner,* 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389 (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). However, if the Commissioner did not consider the record as a whole, the Commissioner's conclusion is undermined. *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985)

4

(citing *Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980) (citing *Futernick v. Richardson,* 484 F.2d 647 (6th Cir. 1973))).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnosis and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

### B.  Proceedings At The Administrative Level

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

>   (1)  If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
>
>   (2)  If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.
>
>   (3)  If the claimant is not working and has a severe impairment, it

5

> must be determined whether he or she suffers from one of the "listed" impairments[2] or its equivalent. If a listing is met or equaled, benefits are owing without further inquiry.
>
> (4) If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.
>
> (5) Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

20 CFR 404.1520, 416.920 (footnote added). *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's *prima facie* case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Secretary*,

---

[2] The Listing of Impairments is found at 20 CFR, Pt. 404, Subpt. P, App. 1.

820 F.2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments; mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

### C. Plaintiff's Statement Of Errors

Plaintiff contends that the ALJ should have determined that Plaintiff is disabled because she met the Medical-Vocational Grid Rule 202.4 or 202.6. Docket No. 14 at 2-3. Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed, or in the alternative, remanded. *Id*.

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994).

Plaintiff argues that the ALJ should have found that she is disabled because she met

7

Medical-Vocational Grid Rule 202.4 or 202.6 in light of her advanced age, education, and work experience. Docket No. 14 at 2-3. Plaintiff contends that the ALJ erroneously did not resolve or discuss these Grid Rules in her decision. *Id.*

Defendant responds that the Medical-Vocational Grid Rules do not apply since the ALJ found, at step four of the sequential evaluation process, that Plaintiff's residual functional capacity ("RFC") did not preclude her past relevant work. Docket No. 15 at 8-10. Defendant also argues that substantial evidence supports the ALJ's determination that Plaintiff was not disabled, and maintains that the ALJ properly evaluated Plaintiff at every step in the sequential evaluation.

As discussed above, when making a disability determination, the ALJ must follow the five-step sequential evaluation process set forth in the Regulations (set forth *infra*). 20 CFR 404.1520, 416.920. Once the ALJ determines (at any step during the five-step sequential evaluation process) that the claimant is or is not disabled, the inquiry ends there and does not progress to the next step. *See* 20 CFR 404.1520(a)(4), 416.920(a)(4).

As noted *infra*, at step four of the sequential evaluation, the ALJ determines whether the claimant could return to a previous job in light of his/her determined RFC. *See* 20 CFR 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Specifically, the Regulations state:

> *Your impairment(s) must prevent you from doing your past relevant work.* If we cannot make a determination or decision at the first three steps of the sequential evaluation process, we will continue our residual functional capacity assessment, which we made under paragraph (e) of this section, with the physical and mental demands of your past relevant work (See 404.1560(b).) *If you can still do this kind of work, we will find that you are not disabled.*

20 CFR 404.1520(f) (emphasis added). *See also* 20 CFR 416.920(f)

8

The Regulations also explicitly provide:

> If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do you past work and are not disabled. We will not consider your vocational factors of age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy.

20 CFR 404.1560(b)(3) and 416.960(b)(3).

Sixth Circuit decisions have interpreted the Regulations in accordance with their plain meaning. A claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant, and a claimant who fails to carry this burden must be denied disability benefits. *See Smith v. Secretary*, 893 F.2d 106, 109-10 (6th Cir. 1989). Further, vocational factors such as age, education, and work experience, are not considered at step four. *Garcia v. Secretary*, 46 F.3d 552, 554 (6th Cir. 1995). *See also Fetters v. Commissioner*, 160 Fed. Appx. 462, 463 (6th Cir. 2005) ("Use of the Grids is not required at step four of the five-step sequential process . . . .").

Plaintiff's only argument is that the ALJ erroneously failed to address or resolve the issue of whether she met Grid Rules 202.04 or 202.06. The plain language of the Regulations, however, demonstrates that the Grid Rules to not come into play until step five of the sequential evaluation, and the ALJ in the case at bar determined at step four that Plaintiff retained the residual functional capacity to perform her past relevant work. The Regulations explicitly state that consideration will not be given to a claimant's vocational factors of age, education, and work experience once a claimant is found to be able to perform her past relevant work. Accordingly, the ALJ in the case at bar need not discuss the Grid Rules, and no error was committed. Plaintiff's argument fails.

Moreover, the ALJ observed Plaintiff during her hearing, discussed the medical and testimonial evidence of record, and reached a reasoned decision. As articulated by the ALJ, neither Plaintiff's medical records nor her reported activities of daily living support that she is precluded from performing her past relevant work. *Id.* Plaintiff fails to provide any evidence to the contrary. Docket No. 14. The ALJ provided a detailed discussion of the evidence of record that occurred prior to the relevant time period, during the relevant time period, and after the relevant time period, and clearly articulated her rationale for finding that Plaintiff could perform her past relevant work. The ALJ's decision was supported by substantial evidence; accordingly, her decision must stand.

## IV.  RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

11